IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **AARON M. GRAY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | Case No. 2:24-cv-4156 |
| v. | : | |
| | : | Judge Algenon L. Marbley |
| **MATTHEW J. LUTZ,** *et al.*, | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| | : | |
| **Defendants.** | : | |

## <u>OPINION & ORDER</u>

This case comes before this Court on the Magistrate Judge's Report and Recommendation (ECF No. 3) and Plaintiff's Objections thereto (ECF No. 5). For the following reasons, this Court **OVERRULES** Plaintiff's Objections (ECF No. 5) and the Report and Recommendation (ECF No. 3) is **ADOPTED**.

I.     **BACKGROUND**

Plaintiff Aaron M. Gray is a *pro se* pretrial detainee at the Muskingum County Jail. (ECF No. 7). In his Complaint, Mr. Gray alleges that he was deprived of various "civil liberties and constitutional rights due to the actions" of each Defendant "within this conspiracy." (ECF No. 2 at 4).

Specifically, Mr. Gray alleges that Defendant Brandy Rogers filed false allegations with Defendant Matt Popadak, a Zanesville police officer. (*Id*. at 5). He further alleges that Defendant Popadak kicked in his door, thereby violating his Fourth Amendment rights, and subsequently transported him to jail. (*Id*.). Mr. Gray was later indicted and prosecuted by Defendant Amy Otto, an Assistant Prosecutor, in proceedings presided over by Defendant Judge Kelly J. Cottrill of the Court of Common Pleas for Muskingum County, Ohio. (*Id*.). Mr. Gray alleges that Defendant

Judge Cottrill violated his constitutional rights and that his rights were violated under the jurisdiction of Defendant Matthew J. Lutz, the Muskingum County Sheriff. (*Id.*). The Complaint contains no additional factual allegations.

In response to the Magistrate Judge's Report and Recommendation, Mr. Gray provided a supplemental report from the Zanesville Police Department authored by "Patrolman Bohn." (ECF No. 5 at 12). According to the report, on Tuesday, August 20, 2024, around 22:26 hours, Officer Bohn was dispatched to 1074 Wheeling Avenue in response to a reported disturbance. (*Id.*). Upon arrival, Bohn, along with other officers, attempted to contact Mr. Gray, but Gray refused to speak with them. (*Id.*). Bohn reported that "Gray was upset and yelling that his neighbor's dogs assault him, because he has to listen to them bark all night long." (*Id.*).

The officers then went to 1116 Wheeling Avenue to speak with the neighbor and complainant, Defendant Brandy Rogers. (*Id.*). Ms. Rogers informed Bohn that "Gray is on the trespass list for her residence" but he had come in her fenced-in yard, opened her front door, and attempted to put her dogs inside her house. (*Id.*). She further stated that she had experienced multiple prior incidents with Gray. (*Id.*). When asked whether Gray had crossed the threshold of her home, Rogers responded that she believed he had. (*Id.*). Ms. Rogers expressed concern for her safety and that of the children in her residence and indicated she had video footage of the incident.

After speaking with Rogers, the officers returned to Gray's residence and ordered him to exit his home. Gray refused to comply and the subsequent events remain unclear. Based on the limited information in the Complaint, it appears that Officer Popadak forcibly entered the residence by kicking in Gray's door and took Gray into custody. (ECF No. 2 at 5). Mr. Gray was then indicted and prosecuted by Defendant Otto whom Gray argues conspired with Rogers who was acting as a state actor. (ECF No. 5 at 5). In his Objection. Gray contends that "a conspiracy involving all

2

defendants took place that deprived" him "of his liberties by not following due process of law." (ECF No. 5 at 9).

Mr. Gray filed his *pro se* Complaint and a motion for leave to proceed *in forma pauperis* on November 12, 2024. (ECF No. 2). The Magistrate Judge issued an Order and Report and Recommendation on November 14, 2024, granting the motion to proceed *in forma pauperis* and recommending that the Complaint be dismissed. (ECF No. 3). The Magistrate Judge found that the federal claims asserted in the Complaint should be dismissed for failure to state a claim upon which relief may be granted and the related state law claims be dismissed for refilling in state court. (*Id*. at 1).

Turning to the federal claims against Defendant Judge Cottrill and prosecutor Otto, the Magistrate Judge concluded that both are entitled to absolute immunity for actions taken within the scope of their duties. (*Id*. at 5). The Magistrate Judge determined that Mr. Gray's complaint contained no plausible allegations to conclude that the immunity exceptions will apply. (*Id*.). The Magistrate Judge further recommended dismissal of the § 1983 claims against Defendant Rogers, concluding that Rogers was not a state actor and Gray did not allege any facts to conclude otherwise. (*Id*. at 6). As for Gray's § 1983 claims against Defendants Popadak and Lutz, while both individuals are law enforcement officers acting under color of state law, the Magistrate Judge found the allegations against them were merely conclusory and thus insufficient to state a claim. (*Id*.).

Lastly, the Magistrate Judge addressed Mr. Gray's remaining state law claims of violations of the Ohio Constitution and recommended this Court decline to exercise jurisdiction over the claims. (*Id*.)

Mr. Gray filed Objections to the Report and Recommendation on November 27, 2024. (ECF No. 5). He subsequently filed a Motion for a New Trial on December 3, 2024 (ECF No. 6), a Motion to Submit Grievances on December 27, 2024 (ECF No. 7), a Motion to Discharge for Delay in Trial on April 3, 2025 (ECF No. 9), and a Motion Declaring Suppression of Evidence on April 14, 2025 (ECF No. 11).

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), when reviewing objections to an R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id*.

When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss" the case at any time upon its determination that the case: "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While detailed factual allegations are unnecessary at the pleading stage, mere "labels and conclusions" are insufficient to state a proper claim. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

Moreover, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *See Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). With this less stringent standard, basic pleading essentials are still required. *Wells v. Brown*, 891, F.2d 591, 594 (6th Cir. 1989). To survive, a complaint must contain sufficient facts that if they were to be true, would plausibly state a claim upon which relief can be granted.

4

### III. LAW AND ANALYSIS

Mr. Gray generally objects to the Magistrate Judge's finding that his Complaint fails to state a claim upon which relief may be granted. (ECF No. 5 at 2). He contends that he seeks compensatory damages "in the form of monetary relief that the court would have to determine the fair amount." (*Id*. at 3). He further argues that his claims pertain to violations of his "conditions of confinement" and a "conspiracy to violate" his rights under the First, Fifth, Eighth, and Fourteenth Amendments. (*Id*.). He also objects to the finding that he fails to state a claim, asserting that the Complaint contains a "short and plain statement of the claim" as required. (*Id*. at 4).

These objections, however, do not resolve the deficiencies identified in the Report and Recommendation.

To plead properly a cause of action under 42 U.S.C § 1983, a plaintiff must allege two elements: (1) a "deprivation of a right secured by the Constitution or laws of the United States;" and (2) that the deprivation was, "caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. Of Educ*., 542 F.3d 529, 534 (6th Cir. 2008). Mr. Gray's complaint fails to satisfy both elements as to any named Defendant.

First, the Complaint lacks factual allegations sufficient to support a constitutional claim under §1983. (ECF No. 2). With respect to Defendants Judge Cottrill and Amy Otto, the Complaint fails to plead facts showing that either individual is not entitled to absolute immunity. (*Id*. at 5). To overcome immunity, Mr. Gray must allege that Judge Cottrill acted outside of his judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Mr. Gray has not alleged any such conduct in the Complaint or his Objections. (ECF No. 2 at 5). Rather, the only reference to Judge Cottrill in the Complaint is that a conclusion that the Judge violated Gray's constitutional rights. (*Id*.). Gray attempts to expand on this claim but merely states that the Judge presided over the proceedings at

5

issue. (ECF No. 5 at 5). This is insufficient to establish that Judge Cottrill acted outside of the judicial capacity or in a manner that violated Gray's constitutional rights.

Similarly, to overcome immunity with respect to Defendant Otto, Plaintiff must allege that Otto acted outside the scope of her role as prosecuting attorney. *See Imber v. Pachtman*, 424 U.S. 409, 427 (1976). In his Objections, Gray asserts that a third-party, Michelle Wright, stated that Otto was in communication with Defendant Rogers. (ECF No. 5 at 10). Gray argues that this supports a claim of vindictive prosecutorial misconduct. (*Id.*). These allegations, however, do not appear in the Complaint. Even if they had been included, such alleged communication alone does not amount to a constitutional violation. This is a "naked assertion devoid of further factual enhancement" that is insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding a court need not accept as true mere legal conclusions unsupported by factual allegations).

Second, the § 1983 claim against Defendant Rogers fails because Gray does not allege that Rogers acted "under color of state law." (ECF No. 3 at 6). In the Complaint, Gray identifies Rogers as a stay-at-home mother and, in his Objections, concludes that she is a state actor. (ECF Nos. 2 at 3; 5 at 10). Again, relying on Michelle Wright's statements, Gray alleges Rogers lied under oath in a conspiracy with Defendant Otto. (ECF No. 5 at 10). The Complaint merely alleges that Rogers filed false allegations. (ECF No. 2 at 3, 5). Even if this Court considers the conspiracy argument presented in the Objections, these allegations do not establish that Rogers became a state actor by simply filing a police report and speaking with a prosecutor. As such, the §1983 claims against Defendant Rogers must be dismissed.

As to Defendants Popadak and Lutz, Mr. Gray's Objections do not specifically address the § 1983 claims. Nonetheless, this Court reviewed the allegations and agrees with the Report and Recommendation that Mr. Gray fails to state a claim. (ECF No. 3). Indeed, the Complaint contains

6

only conclusory statements that Popadak and Lutz deprived him of constitutional rights. (ECF No. 2 at 5). With respect to Popadak, Gray only states that he "kicked my door in and violated my 4th Amendment Right then delivered me to Jail." (*Id.*). He also asserts that his rights were violated within Matthew J. Lutz's jurisdiction. (*Id.*). These allegations are conclusory and devoid of factual support and thus fail to state a plausible claim under § 1983. *See Iqbal*, 556 U.S. at 678. Moreover, based on the Complaint, it is unclear how the alleged conduct of kicking in a door to effectuate an arrest, alone, is a constitutional violation, or how merely being within a sheriff's jurisdiction creates liability.

Accordingly, Gray's Objections are overruled. This Court finds that his federal claims under §1983 fail to state a claim on which relief can be granted and are dismissed. What remains are his state law claims. The Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (citations omitted). Thus, the remaining state law claims are also dismissed without prejudice but may be refiled in state court.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Objections (ECF No. 5) are **OVERRULED,** and the Magistrate Judge's Report and Recommendation (ECF No. 3) is **ADOPTED.** Plaintiff's federal claims are **DISMISSED,** and the Ohio claims are **DISMISSED** but may be refiled in state court. Accordingly, the pending motions (ECF Nos. 4; 6; 7; 9; 11) are **DENIED as moot**. This case is **DISMISSED.**

**IT IS SO ORDERED.**

September 10, 2025

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE